**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**DINO CHOOWEENAM,**

                       Plaintiff,          **COMPLAINT AND**
                                                  **JURY DEMAND**

vs.

**CITY OF NEW YORK & JOHN M. ESPOSITO,**

                       Defendants.

------------------------------------------------------------------X

## NATURE OF THE ACTION

This is a case brought under the Americans with Disabilities Act ("ADA") and the New York State and City Human Rights Laws (respectively the "NYSHRL" and "NYCHRL") for enforcing discriminatory New York City Fire Department ("FDNY") policies against Plaintiff Dino Chooweenam, a disabled New York City firefighter, for deliberately refusing to accommodate Mr. Chooweenam's disability, and for retaliating against Mr. Chooweenam for seeking remedies for discriminatory treatment. The explicit policies bar firefighters on "light duty" from working the same overtime hours as other employees, even though many firefighters on "light duty" – including Mr. Chooweenam- are so assigned because they are pregnant or have a disability, and yet are fully capable of working overtime hours.

## THE PARTIES

1. Dino Chooweenam is a retired FDNY firefighter, and a US Citizen. He resides in the City of New York.

1

2. CITY OF NEW YORK ("the City") is a municipal corporation organized under the laws of the State of New York. At all times here relevant the City was Plaintiff's "employer" as that term is defined by the ADA, NYSHRL, and NYCHRL.

3. JOHN M. ESPOSITO at all times here relevant was a Chief of Department for the FDNY, and was Plaintiff's employer under the ADA, NYSHRL and NYCHRL. He was personally involved in Plaintiff's work assignments and the enforcement of FDNY policies described in this Complaint.

## JURISDICTION

4. This Court has original Federal Question jurisdiction over this case 28 U.S.C. § 1331, in that the matter arises under United States law. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events in question occurred within, the boundaries of the Eastern District of New York.

## CONDITIONS PRECEDENT

6. Plaintiff has exhausted his administrative remedies by filing a charge with the United States Equal Employment Opportunity Commission and received a Notice of Right to Sue dated August 5, 2024, here appended as Exhibit 1.

## FACTUAL ALLEGATIONS

7. Plaintiff Dino Chooweenam was a loyal frontline New York City firefighter until a breathing disability sidelined him from the work he loved. On January 5, 2023, a unanimous Medical Board of the New York City Fire Pension Fund found he was permanently disabled, based

on an asthmatic condition that substantially limited one or more major life activities- namely, breathing.

8. Notwithstanding his disability, Mr. Chooweenam sought to make a living and a difference by serving the New York City Fire Department ("FDNY") in other capacities. He asked for a reasonable accommodation and the FDNY assigned him to "light duty", where he performed vital scheduling and personnel duties.

9. "Light Duty" FDNY employees are often employees with a disability or who are pregnant, and thus are restricted from more strenuous work.

10. An explicit FDNY policy, however, limited the amount of overtime hours available to Light Duty employees, who were often pregnant or disabled, notwithstanding that they are often entirely capable of and eager to work overtime.

11. Discriminated against in his position, Mr. Chooweenam sought a transfer to a unit where the restrictions on light duty overtime were less strictly enforced, so that he would be permitted to work overtime hours.

12. Instead, the FDNY and Chief John M. Esposito transferred Mr. Chooweenam to a position entirely inconsistent with his disability, notwithstanding that there were ample positions available for him where he could perform the duties. Not only could Mr. Chooweenam no longer work overtime in this position, he was unable to even perform the activities required of him, which included strenuous physical activity transporting heavy equipment, and working in an environment where he would be exposed to smoke inhalation.

13. Mr. Chooweenam again requested a reasonable accommodation, to be transferred to a unit where he would be able to perform the duties required of him. He was denied a transfer, however.

14. Meanwhile, because he was not permitted to work overtime, his annual average pay, from which any retirement benefits would be calculated, was rapidly dropping.

15. Despondent at his inability to earn overtime or even adequately perform the duties that were thrust on him and facing a long-term impairment of his retirement benefits, Mr. Chooweenam was forced to retire early, sacrificing substantial pay and significantly compromising the retirement benefits he would have been eligible for had he been permitted to continue to work and collect overtime.

**FIRST AND SECOND CAUSES OF ACTION**
**ADA and NYSHRL Claims for Disability Discrimination and Retaliation Under**
**42 USC §§ 12112, N.Y. Exec. Law § 290**

16. The above paragraphs are here incorporated by reference.

17. Defendants discriminated against Plaintiff on the basis of his disability in regard to job application procedures, his hiring, advancement, or discharge, compensation, job training, and other terms, conditions, and privileges of employment.

18. Plaintiff was disabled within the meaning of the ADA, and defendants had notice of his disability.

19. Plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations.

20. Plaintiff suffered an adverse employment action because of his disability.

21. With reasonable accommodation, plaintiff could perform the essential functions of his job.

22. Defendants refused to make such accommodations.

23. Plaintiff participated in a protected activity under the ADA.

24. Defendants knew of the protected activity.

25. Plaintiff experienced an adverse employment action.

26. A causal connection exists between the protected activity and the adverse employment action.

## THIRD CAUSE OF ACTION
### NYCHRL Claim for Disability Discrimination under N.Y.C. Admin. Code § 8-107

27. The above paragraphs are here incorporated by reference.

28. Plaintiff was disabled within the meaning of the NYCHRL.

29. Defendants treated Plaintiff less well than other employees, in part because of his disability.

## PRAYER FOR RELIEF

30. While reserving the right to seek additional damages and plead additional causes of action as available, Plaintiff demands judgment against Defendants as follows:

    A. Injunctive relief and a declaratory judgment in favor of Plaintiff against defendants, declaring that defendants violated the law by discriminating against and retaliating against Plaintiff;

    B. Back pay and benefits and front pay and benefits, plus compensatory damages;

    C. Punitive damages in an amount to be determined at trial;

    D. All costs and disbursements of this action, including reasonable attorneys' fees; and

    E. Any other further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: September 10, 2024                                              **STOLL, GLICKMAN & BELLINA, LLP**

By: _____
     Andrew B. Stoll
     300 Cadman Plaza West, 12th Floor
     Brooklyn, New York 11201
     (718) 852-3710
     astoll@stollglickman.com
     *Attorneys for Plaintiff*

# EXHIBIT 1

**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

August 5, 2024

<u>VIA EMAIL: dchooweenam@yahoo.com</u>

Dino Chooweenam
2479 Stuart Street
Brooklyn, NY  11229

    Re:    EEOC Charge Against:    New York City Fire Department (FDNY)
           EEOC No.:                 520-2024-06339

Dear Mr. Chooweenam:

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.</u>  <u>If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

    If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: New York District Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division


BY: *Celeste A. Adams-Simmons*
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section

Enclosures:
    Notice of Rights under the ADAAA

cc:    New York City Fire Department (FDNY)
        EEOC- New York District Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**
- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm

3